UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE ANGEL ROJAS CANELON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-1064-CCB-SJF |
| BRIAN ENGLISH, DOUGLAS THOMPSON, JILLIAN TREMBLE, KRISTI NOEM, and PAMELA BONDI, | |
| Respondents. | |

## OPINION AND ORDER

Immigration detainee Jose Angel Rojas Canelon, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained without a bond hearing in violation of the laws or Constitution of the United States. ECF 1. For the reasons stated below, the petition is granted, and the government is ordered to provide Rojas Canelon with a bond hearing forthwith.

Rojas Canelon alleges he was paroled into the United States on July 14, 2022, under the authority of 8 U.S.C. § 1182(d)(5), and has been present in the United States ever since. In May 2025, he was arrested by local police and charged with domestic battery. ECF 3-14 at 19-22 (State Criminal Docket). When he was released on pretrial supervision around May 13, 2025, he was taken into custody by Immigration and Custom Enforcement (ICE) and issued a Notice and Order of Expedited Removal, ordering him removed. ECF 3-2 at 1-2 (Expedited Removal Order). In July 2025, Rojas Canelon's wife, a United States citizen, filed a Form I-130, Petition for Alien Relative, on

his behalf with United States Citizenship and Immigration Services, and he filed a Form I-485, Application for Adjustment of Status. He alleges his detention is interfering with his ability to complete his application, which is still pending, and he asserts he is prima facie eligible for adjustment of status to Lawful Permanent Resident.

Rojas Canelon requested a change in custody status before the Immigration Court on May 15, 2025, but the Immigration Court denied the request on August 5, 2025, on the basis that it "lacks jurisdiction and [Rojas Canelon] is subject to mandatory detention. See, Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025)." ECF 3-15 at 1 (Order of Immigration Judge). In that Board of Immigration Appeals (BIA) decision, the BIA held that a noncitizen who has not been admitted to the United States and who "is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under . . . 8 U.S.C. § 1225(b)," which requires mandatory detention while the removal proceedings are pending. *Matter of Li*, 29 I. & N. Dec. 66, 69 (BIA 2025). And for a noncitizen who was detained under § 1225(b) but subsequently paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), once that grant of parole is terminated, he is returned to mandatory custody under § 1225(b) until the removal proceedings are over. *Id.*

On August 5, 2025, Rojas Canelon filed an emergency motion to vacate the expedited removal proceedings on the basis that placing him in expedited removal proceedings was in violation of a court order from the District Court for the District of

Columbia,[1] which found that the Immigration and Nationality Act does not authorize expedited removal for people who were paroled at a port of entry, regardless of whether their parole has since terminated. ECF 3-3 at 1-3 (Emergency Motion). On August 6, 2025, Rojas Canelon received confirmation that the expedited removal order had been canceled, but he still remained detained. ECF 3-4 at 1-3 (Email Confirmation of Cancellation of Expedited Removal Order).

On August 8, 2025, Rojas Canelon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, alleging his detention was unlawful because he was not subject to an order of removal and he was not currently in removal proceedings because he hadn't been served with a Notice to Appear. ECF 3-21 at 1-13 (Habeas Petition); *see Rojas v. Crowley*, No. 2:25-CV-381-MPB-MJD (S.D. Ind. decided Sept. 23, 2025). After this, he was served with a Notice to Appear on August 18, 2025, charging him as an arriving alien with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled, or arriving in the United States at a time or place other than as designated by the Attorney General, and under 8 U.S.C. § 1182(a)(7) for not possessing valid entry documents. ECF 3-5 at 2-5 (Notice to Appear). An administrative warrant was issued for his arrest on August 18, 2025. *Id.* at 6 (Administrative Warrant). After he was served the Notice to Appear, Rojas Canelon voluntarily dismissed his habeas petition.

---

[1] *Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986 (D.D.C. Aug. 1, 2025).

Rojas Canelon asked the Immigration Court for another custody redetermination on September 5, 2025, which was denied on September 8, 2025, because his "request for a custody redetermination has already been considered." ECF 3-16 at 1 (Order of Immigration Judge). He alleges he remains in detention without having been afforded a meaningful opportunity to seek bond in violation of the Immigration and Nationality Act and due process. He asks for immediate release.

In an order to show cause, the court directed the respondents to address the petition in light of *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. ECF 5. The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." *Id.* at 5. The Respondents subsequently answered the petition, ECF 8, and Rojas Canelon filed a reply in support of his petition, ECF 11.

The Respondents repeat their arguments from *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), attaching the brief from that case, that this court lacks jurisdiction over the petition and that Rojas Canelon's detention is warranted by § 1225(b)(2) because he is an "applicant for admission" within the meaning of that statute. (ECF 8.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District, though *De Jesús Aguilar* has been appealed. *See, e.g., De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-

4

SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025) (Leichty, J.); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The question remains whether there is anything unique about this case that would warrant a different conclusion. Here, Rojas Canelon was arrested pursuant to a warrant, which raises the possibility that his detention may be authorized by 8 U.S.C. § 1226(a). Section 1226(a) is the "default rule" for detention of non-citizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained," and while removal proceedings are pending, the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole." 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

5

Rojas Canelon argues his case is like *Mejia Diaz*, who was ordered released notwithstanding the existence of a warrant, because the court held that Mejia Diaz's parole was never validly revoked and the warrant was ineffective to authorize custody under § 1226(a). *Mejia Diaz*, 2025 WL 3640419, at *7-*8. But in *Mejia Diaz*, the petitioner was not paroled into the country upon arrival, as Rojas Canelon was. He, instead, was arrested and placed into removal proceedings well after he had arrived in the United States and was granted conditional parole under 8 U.S.C. § 1226(a)(2)(B). *Id.* at *1. Rojas Canelon's parole, on the other hand, was pursuant to 8 U.S.C. § 1182(d)(5)(A). He does not provide information about how parole under § 1182(d)(5)(A) differs from parole under § 1226(b)(2), and so has not met his burden to show § 1226(a) is inapplicable. *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."). Therefore, the court concludes the proper remedy is not immediate release, but rather a bond hearing if the Respondents choose to maintain him in custody.

Courts within this Circuit have held that the appropriate remedy in this situation is an order requiring the government to provide the petitioner with a bond hearing forthwith. *See, e.g., Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025) (ordering government to provide bond hearing for petitioner who was arrested pursuant to a warrant and wrongly classified as an "applicant for admission"); *Singh v. Bondi*, No. 1:25-CV-2101-SEB-TAB, (S.D. Ind. Oct. 30, 2025) (ordering government to provide notice within seven days that it had conducted bond hearing for

6

petitioner who was arrested pursuant to a warrant and wrongly classified as an "applicant for admission"). The court joins these courts in holding that a petitioner like Rojas Canelon, who is arrested pursuant to a warrant under § 1226(a) but improperly labeled as an applicant for admission, is entitled to a bond hearing pursuant to that statute if Respondents seek to maintain him in custody.

For these reasons, the court:

(1) **DENIES** the motion for expedited hearing (ECF 15) as MOOT;

(2) **GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS respondents to provide Jose Angel Rojas Canelon with a bond hearing within 14 days of this order, affording him all rights contained in 8 U.S.C. § 1226 and corresponding regulations;

(3) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order;

(4) **ORDERS** the respondents to file proof of compliance with this order within 21 days; and

(5) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on January 30, 2026.

                                                  /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT